TODD C. BANK, ATTORNEY AT LAW, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York  11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/16/2020

www.toddbanklaw.com                                                                                           tbank@toddbanklaw.com

September 15, 2020

**MEMORANDUM ENDORSED**

United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007
Attn.: District Judge Gregory H. Woods

      Re:    *John Doe v. New York State Department of Health, et al.*
              Case 1:20-cv-04817-GHW

Dear Judge Woods:

I, on behalf of the plaintiff in the above-referenced matter, submit this letter in response to Defendants' pre-motion letter of September 10, 2020 (Dkt. No. 20), and pursuant to Rule 2(C)(i) of the Court's Individual Rules of Practice in Civil Cases.

**Service of Process**

Service was effected in accordance with Rule 4(j)(2)(A) of the Federal Rules of Civil Procedure, not state law. *See* Dkt. No. 17.

**Article III Standing**

Defendants contend that the Complaint (Dkt. No. 1) was required to allege which medical tests Plaintiff wishes to take. However, such details do not need to be included in the Complaint.

Defendants' contention that Plaintiff's harm is speculative is erroneous. The Complaint alleges: "[Plaintiff] wishes to purchase, and receive at his residence, . . . []Direct-to-Consumer Lab Tests[.][] *** As a result of [10 N.Y.C.R.R. § 58-1.8], non-Medical Providers of Direct-to-Consumer Lab Tests do not ship such tests to New York State." *Id.*, ¶¶ 9, 13.

Defendants state: "[r]ead together, P[ublic] H[ealth] L[aw] § 576-b and the Challenged Regulation [(10 N.Y.C.R.R. § 58-1.8)] prohibit a laboratory from providing the results of any laboratory test, including a Direct-to-Consumer Lab Test, to an individual other than the patient/consumer, his or her physician, or other person authorized to receive them under the Challenged Regulation. . . . Thus, if a consumer like the Plaintiff wishes to purchase a Direct-to-Consumer Lab Test that has been FDA approved for OTC sale without physician involvement, he or she may do so under PHL § 576-b regardless of the Challenged Regulation." Def. Ltr. at 3. Not only does the plain meaning of the Challenged Regulation clearly exclude the

Case 1:20-cv-04817-GHW   Document 24   Filed 09/16/20   Page 2 of 3

District Judge Gregory H. Woods　　　　　　　*John Doe v. New York State Department of Health, et al.*
September 15, 2020　　　　　　　　　　　　　　Case 1:20-cv-04817-GHW
-page 2-

"patient/consumer" from the persons to whom test results may be given, but Public Health Law Section 576-b concerns only over-the-counter tests, whereas the Challenged Regulation does not concern such tests. Indeed, as discovery would show, providers of Direct-to-Consumer Lab Tests, as defined in the Complaint, uniformly ship their products to patients/consumers in every state except New York and the two other states with similar prohibitions (New Jersey and Rhode Island).

**Cancellation of Today's Telephone Conference and the Re-Scheduling of**
**it as an in-Court Conference in Response to the Undersigned's Objections**
**Regarding the Court's Directive Against Recording the Telephone Conference**

As held in *Martin v. Gross*, 380 F. Supp. 3d 169 (D. Mass. 2019), "secret audio recording of government officials, including law enforcement officials, performing their duties in public is protected by the First Amendment, subject only to reasonable time, place, and manner restrictions." *Id.* at 173. The concept of "time, place, and manner restrictions" applies to the interaction between First Amendment activity and judicial proceedings insofar as a court, in conducting its business, has the authority to prevent the exercise of one's First Amendment rights from interfering with that business; for example, a court is not required to allow protests or religious services in its courtrooms. However, making an audio recording of a judicial proceeding would not interfere with that proceeding.

To the extent that the Southern District of New York makes audio recordings available to the public, that is not a sufficient basis upon which to prohibit one from recording a judicial proceeding. First, federal district courts charge a fee for copies of audio recordings[1], whereas the government may not condition the exercise of one's First Amendment rights upon the payment of a fee where those rights can be exercised without the incurrence of a fee (here, by self-recording); second, there is no guarantee that the audio quality will be sufficient; and, third, time is often of the essence with respect to First Amendment activity, but whereas a person who makes a recording would have it immediately, that would not be so of a court-provided copy.

The Court terminated today's conference and stated that the Court would re-schedule it as an in-person conference (which the Court has since done by text order (Dkt. Entry 22)). As these actions were taken in response to my stated objection to the Court's directive not to record today's conference, and/or to my refusal to state, upon being asked by the Court, whether I was recording it, a refusal that I stated was itself protected by the First Amendment, I request that the Court re-schedule the conference to be held by telephone. It would clearly constitute unlawful retaliation to force a person to come to Court solely for having exercised his Constitutional rights and would obviously be improper with respect to any other person required to attend such conference.

Whereas the Court noted during today's conference that members of the public were welcome to listen to the conference (by using the Court's dial-in information), the Southern District of New York, on account of COVID-19, generally prohibits members of the public from attending courtroom proceedings. *See* S.D.N.Y. Revised Standing Order (M10-468, Mar. 20, 2020). For this

---

[1] *See* www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule

District Judge Gregory H. Woods  *John Doe v. New York State Department of Health, et al.*
September 15, 2020  Case 1:20-cv-04817-GHW
-page 3-

reason alone, it would clearly not be justified to hold an in-person conference that is closed to the public rather than a publicly accessible telephone conference where the sole reason for doing so is that which is described above.

The S.D.N.Y Fourth Amended Standing Order (M10-468, June 12, 2020) requires various measures, including mask-wearing and social distancing throughout the courthouse, the application of hand sanitizer upon entry into the courthouse, and the answering of COVID-19 screening questions, but these measures do not guarantee against the transmission of COVID-19; and, of course, there is no guarantee that there will be full compliance with these measures. There is also no guarantee that the taking of entrants' temperature, which the Fourth Amended Standing Order also requires, will produce accurate results; nor, moreover, does a normal temperature reading preclude the possibility that one has COVID-19.

I will not risk receiving, or transmitting, COVID-19 by participating in an in-person court conference where, as here, an alternative is clearly available and is what this Court had chosen but from which it has departed solely in response to the assertion of my First Amendment rights.

Sincerely,

  s/ *Todd C. Bank*

Todd C. Bank

TCB/bd

---

Plaintiff's application to conduct the in-person pre-motion conference on Defendants' proposed motion to dismiss scheduled for September 17, 2020 at 2:30 p.m. by remote means is granted. The Court will hold a teleconference regarding Defendants' proposed motion to dismiss on September 17, 2020 at 2:30 p.m. The parties are directed to consult the Court's Emergency Rules in Light of COVID-19, which are available on the Courts website, for dial-in information and other instructions. The parties are specifically directed to comply with Emergency Rule 2(C).

SO ORDERED.

Dated:  September 16, 2020                               _____
New York, New York                                              GREGORY H. WOODS
                                                                United States District Judge