USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                       :
JOHN DOE,                                                    :            1:20-cv-04817-GHW

                                     Plaintiff,          :
                                                           :          MEMORANDUM OPINION &
                             -v -                                        :                    ORDER
                                                           :
NEW YORK STATE DEPARTMENT OF          :
HEALTH and HOWARD A. ZUCKER, in his    :
official capacity as Commissioner of the New York    :
State Department of Health,                          :
                                                           :
                                       Defendants.   :
                                                           :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        Plaintiff John Doe alleges he wishes to purchase what he calls "Direct-to-Consumer Lab Tests" and receive the results at home, but that he is prohibited by a New York Department of Health regulation. So Plaintiff brought suit claiming that the regulation is preempted by federal law. This motion presents the threshold question of whether Plaintiff can litigate this case as "John Doe," or if he must disclose his identity. Because Plaintiff has failed to overcome the presumption that parties must litigate in their own names, Plaintiff may not proceed pseudonymously.

**I.        BACKGROUND**

        On August 24, 2020, Plaintiff filed a three-page complaint in this case as "John Doe." Compl., Dkt No. 1. Plaintiff seeks to invalidate 10 NYCRR § 58-1.8, a New York Department of Health regulation that, he claims, prevents him from obtaining certain laboratory test results directly from the seller without the involvement of a medical professional. Compl. ¶¶ 7-12. Plaintiff alleges

that the regulation is preempted by federal law and, thus, violates the Supremacy Clause of the United States Constitution.  Compl. ¶ 14.

Despite the fact that Federal Rule of Civil Procedure 10(a) requires that "all parties" be named in the title of the complaint, Plaintiff did not request the Court's leave before filing this case pseudonymously.  As a result, on June 24, 2020, the Court ordered Plaintiff to show cause why he should be permitted to proceed pseudonymously.  Order to Show Cause, Dkt No. 6.

In his response, Plaintiff argues that "discovery would likely reveal the type of medical tests that Doe wishes to take," and that as a result "his personal medical concerns would be public knowledge."  Pl.'s Resp. to Order to Show Cause ("Pl.'s Resp."), Dkt No. 12 at 2-3.  Plaintiff does not specify which tests he has sought or would like to seek.  *See* Compl.  As a result, the nature of Plaintiff's personal medical concerns are not identified.

Plaintiff also argues that he should be permitted to proceed pseudonymously because he is challenging the government, because Defendants would not be prejudiced, because his identity has thus far been kept confidential, and because this is a purely legal issue and an as-applied challenge.  Pl.'s Resp. at 2-3.  Plaintiff concedes he has no reason to anticipate retaliation if he is identified.  Pl.'s Resp.at 2.

Defendant opposed Plaintiff's application to be permitted to proceed under a pseudonym.  Defs.' Opp'n to Pl.'s Application to Proceed Pseudonymously ("Defs.' Opp'n"), Dkt No. 18.  Defendant argues that Plaintiff may not proceed by pseudonym solely because his claim may raise medical issues he views as private and that instead of proceeding pseudonymously, Plaintiff can, for instance, seal or redact any highly sensitive laboratory results.  Defs.' Opp'n at 1-2.

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of

2

the complaint. "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).

"When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. This is a "factor-driven balancing inquiry [that] requires a district court to exercise its discretion in the course of weighing competing interests." *Id.* at 190.

The Second Circuit has adopted a non-exhaustive list of ten factors to guide courts in balancing "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. Courts should consider:

(1) "whether the litigation involves matters that are highly sensitive and of a personal nature;"

(2) "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;"

(3) "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;"

(4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;"

(5) "whether the suit is challenging the actions of the government or that of private parties;"

(6) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;"

(7) "whether the plaintiff's identity has thus far been kept confidential;"

3

(8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;"

(9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;" and

(10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 189-90 (internal quotations and citations omitted). Courts are "not required to . . . use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

III. **DISCUSSION**

While Plaintiff has invoked eight of the *Sealed Plaintiff* factors in support of his motion to proceed pseudonymously, he has not made a sufficiently strong showing to demonstrate that this case should be treated as an exception to the general rule that parties must litigate in their own names. To reach this conclusion, the Court has analyzed each of the ten factors identified in *Sealed Plaintiff*, as described below.

1. **Whether the litigation involves matters that are highly sensitive and of a personal nature**

The first *Sealed Plaintiff* factor weighs against permitting Plaintiff to proceed under a pseudonym. The first factor seeks to discern "whether the litigation involves matters that are highly sensitive and of a personal nature." *Id.* at 190 (quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)). However, "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (quoting *Abdel-Razeq v. Alvarez & Marshal, Inc.*, No. 14-cv-5601 (HBP), 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015)).

"The fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Rankin v. New York Pub. Library*, No. 98-cv-4821 (RPP), 1999 WL 1084224, at *1 (S.D.N.Y. Dec. 2, 1999) (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)); *see also Mottola v. Denegre*, No. 12-cv-3465 (LAP), 2012 WL 12883775, at *2 (S.D.N.Y. June 8, 2012) (denying motion to proceed pseudonymously despite plaintiff's allegations that "psychiatric history" "will be part of this case"); *Rives v. SUNY Downstate Coll. of Med.*, No. 20-cv-621 (RPK), 2020 WL 4481641, at *3 (E.D.N.Y. Aug. 4, 2020) ("While the complaint includes information about plaintiff's medical history . . . plaintiff's factual claims do not present 'exceptional circumstances that in and of themselves justify overriding the constitutional presumption of openness.'") (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006)).

Here, Plaintiff alleges that litigation involving "the type of medical tests that [Plaintiff] wishes to take" may reveal "the type of medical concerns he has." Pl.'s Resp. at 2. But Plaintiff has not made any specific allegations to support the conclusion that this information is so sensitive and personal as to justify proceeding pseudonymously. He has not even indicated the type of medical tests he wishes to take. *See* Compl. As a result, Plaintiff's submissions do not permit the Court to conclude that the fact that Plaintiff wishes to take "Direct-to-Consumer Lab Tests," or the results of such tests,[1] implicate information that is sufficiently sensitive and personal to allow him to remain anonymous.

Indeed, courts have denied motions to proceed pseudonymously in cases involving much more sensitive information than "the type of medical concerns [Plaintiff] has." *See, e.g.*, *Skyline*

---

[1] Plaintiff references in argument to concerns regarding the disclosure of his "test results" that are not supported by facts or the facts alleged in the complaint. Remember that Plaintiff alleges that he "wishes to purchase" medical tests and that the State prevents him from doing so. Compl. ¶ 9. Plaintiff's complaint does not suggest that he has received results from the tests that he alleges the State to have barred him from obtaining; and Plaintiff's application is not supported by an affirmation establishing the existence of such results.

5

*Automobiles Inc.*, 375 F. Supp. 3d at 405-06 (denying motion to proceed anonymously despite "highly sensitive" allegations of being "sexually assaulted while unconscious" and subject to "sexual harassment following the incident"). And the conclusory facts alleged in the complaint are less sensitive and personal than those implicated in other types of cases involving medical records, such as ADA and Title IX cases, where plaintiffs frequently proceed under their own names. *See, e.g.*, *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 183 (2d Cir. 2015) (discussing former student's depression, anxiety, and academic history in connection with ADA claim); *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 68 (2d Cir. 2019) (discussing employee's Tourette's Syndrome and Obsessive-Compulsive Disorder in connection with ADA claim); *Tubbs v. Stony Brook Univ.*, 343 F. Supp. 3d 292, 296-97 (S.D.N.Y. 2018) (discussing student's allegations of sexual assault in connection with Title IX action). As a result, this factor weighs against permitting Plaintiff to shield his identity.

2. **Whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties**

The parties agree there is no risk of retaliation. Defs.' Opp'n at 5; Pl.'s Resp. at 2. This factor also favors disclosure.

3. **Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity**

"Speculative claims of physical or mental harms are insufficient to bolster a request for anonymity." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406; *see also Michael v. Bloomberg L.P.*, No. 14-2657 (TPG), 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015). Plaintiff does not allege *any* harms beyond the conclusory, speculative statements already considered under *Sealed Plaintiff* factor one. This factor, too, favors disclosure.

6

4. **Whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age**

Plaintiff makes no allegations that his age makes him particularly vulnerable to the possible harms of disclosure. *See* Pl.'s Resp. This factor thus favors disclosure.

5. **Whether the suit is challenging the actions of the government or that of private parties**

The fifth *Sealed Plaintiff* factor weighs in favor of permitting Plaintiff to proceed under a pseudonym, but does not have dispositive weight. Courts are less likely to grant a motion to proceed anonymously when the suit involves solely private parties, as compared to an action involving the government. *See Sealed Plaintiff*, 537 F.3d at 189; *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406. Here, Plaintiff challenges a government regulation, and thus this factor favors anonymity to an extent.

However, that Plaintiff is suing the government "does not, by itself, justify granting a motion to proceed anonymously because doing so would lead, inappropriately, to granting anonymity to any plaintiff suing the government to challenge a law or regulation," and "override the significant public interest in requiring all of the parties to be named." *Rives*, 2020 WL 4481641 at *3. Even in a case where a lawsuit "is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals," "the public's interest is reduced, not eliminated." *Del Rio*, 241 F.R.D. at 158, n. 8. This public interest can include an interest in the disclosure of whether a litigant is acting on his own initiative or in association with industry or interest groups with commercial or other interests in the outcome of the litigation. Thus, the fifth *Sealed Plaintiff* factor weighs against disclosure of the identity of John Doe, but does not have dispositive weight.

6. **Whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court**

The sixth factor also favors anonymity. Defendants argue they would be prejudiced if Plaintiff proceeded pseudonymously because they must know Plaintiff's identity in order to determine whether he has standing, whether any evidence supports his claims or claimed injury, and whether the type of laboratory tests he seeks are actually covered by the challenged regulation. Defs.' Opp'n at 5-6. However, this prejudice can be mitigated because Defendants can determine whether Plaintiff's evidence supports his claims without knowing Plaintiff's name. Additionally, Plaintiff states he is willing to "disclose his identity to the other parties." Pl.'s Reply in Resp. to Request to Proceed Pseudonymously, Dkt No. 19 at 1.

7. **Whether the plaintiff's identity has thus far been kept confidential**

The parties agree that Plaintiff's identity has thus far been kept confidential. Pl.'s Resp. at 3; Defs.' Opp'n at 6. So this factor also favors anonymity.

8. **Whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity**

The eighth factor weighs in favor of disclosure. Here, Plaintiff challenges a law that he alleges "prohibits non-medical providers of lab tests from reporting the results of such tests directly and solely to the purchasers of the tests." Compl. ¶ 12. Defendants allege this law is designed to protect public health. Defs.' Opp'n at 6. The public's interest in the litigation may be advanced by knowing the identity of the plaintiff—in particular to the extent that information aids in the public's assessment of whether his action is sponsored by commercial or other interest groups that would benefit from Plaintiff's challenge to the State's regulatory scheme. This factor thus favors disclosure.

9. **Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities**

"[W]here a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process." *Del Rio*, 241 F.R.D. at 158. On the other hand, where the litigation involves not "abstract challenges to public policies[,] but rather . . . particular actions and incidents, open proceedings nevertheless benefit the public." *Id.* at 159. Here, Plaintiff challenges the constitutionality of 10 NYCRR § 58-1.8. Compl. ¶ 12. However, it is unclear from Plaintiff's cursory, speculative allegations, *see* Compl., whether this litigation will involve "particular actions and incidents." Therefore, this factor does not weigh heavily in favor of permitting Plaintiff to shield his identity.

10. **Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff**

The last *Sealed Plaintiff* factor weighs against Plaintiff's request because there are ample alternative means to protect the confidentiality of any of his sensitive medical information. A plaintiff's confidentiality can be protected in multiple ways, including "redaction of the documents and sealing," "seek[ing] a protective order," or "enter[ing] into a confidentiality agreement." *Skyline Automobiles, Inc.*, 375 F. Supp. 3d at 408; *see also Doe v. United States*, No. 16-cv-7256 (JGK), 2017 WL 2389701 (S.D.N.Y. June 1, 2017). Here, the Court expects that the parties can enter into a confidentiality agreement or seek the protection of a Court order to protect against the disclosure of Plaintiff's sensitive medical information. The Court will consider any application to seal information of that type. The abundance of alternative, less extreme, mechanisms to guard Plaintiff's sensitive information weighs strongly against Plaintiff's request to proceed under a pseudonym.

After balancing the interests of Plaintiff, Defendants, and the public, the Court concludes that the relevant factors weigh against permitting Plaintiff to proceed pseudonymously in this case. Litigation under a pseudonym is the exception, not the rule—this case is not exceptional.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed pseudonymously is DENIED. Plaintiff is directed to file an amended complaint within 7 days from the date of this Order.

SO ORDERED.

Dated: September 17, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge